IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN SHAUGHNESSEY, | ) | CIVIL NO. 08-00439 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEILANI T.H. YOUNG, DBA | ) | |
| LEILANI LOUNGE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDING AND RECOMMENDATION THAT**
**<u>CASE BE DISMISSED WITHOUT PREJUDICE</u>**

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, on October 6, 2008, Chief United States District Judge Helen Gillmor issued an order setting the Rule 16 Scheduling Conference in this matter for December 29, 2008.  On December 1, 2008, this Court continued the scheduling conference to January 5, 2009.  Plaintiff Brian Shaughnessey ("Plaintiff") obtained an entry of default against Defendant Leilani T.H. Young, doing business as Leilani Lounge, ("Defendant") on December 18, 2008.  On December 31, 2008, this Court continued the scheduling conference until February 9, 2009 and directed Plaintiff's counsel to file a motion for default judgment by that date.  On February 6, 2009, this Court continued the scheduling conference to March 9, 2009 and noted that the motion for default judgment was to be filed shortly.

Plaintiff failed to appear the March 9, 2009

conference. Plaintiff also failed to file either a scheduling conference statement, as required by Rule LR16.2(b) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), or a motion for default judgment, as directed by this Court.

Courts do not take failure to comply with court orders lightly. Federal Rule of Civil Procedure 16(f)(1) provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>   (A) fails to appear at a scheduling or other pretrial conference;
>   . . . .
>   (C) fails to obey a scheduling or other pretrial order.

Pursuant to Rule 16(f)(1)(A), the district judge may "dismiss[] the action or proceeding in whole or in part" if a party fails to appear at a scheduling conference or fails to comply with a pretrial order. See Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff failed to comply with the order setting the Rule 16 Scheduling Conference and, although he obtained an entry of default, he did not file a motion for default judgment by the deadline imposed by this Court. This Court therefore finds that Plaintiff has failed to prosecute his case in the manner required by the Federal Rules of Civil Procedure and the Local Rules. After weighing the five dismissal factors set forth in Bautista

v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, Defendant will not be prejudiced and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that the district judge DISMISS this case WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 9, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BRIAN SHAUGHNESSEY V. LEILANI T.H. YOUNG; CIVIL NO. 08-00439 HG-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).